Case 3:18-cv-00397-MMH-JK   Document 11   Filed 07/17/18   Page 1 of 6 PageID 30

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                          Case No. 3:18-cv-397-J-34JRK

SANDRA L. HALLOCK,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

      This cause is before the Court on Plaintiff's Motion for Entry of Default Final Judgment (Doc. No. 9; "Motion"), filed May 22, 2018.[2] Plaintiff initiated this action by filing a Complaint (Doc. No. 1; "Complaint") on March 23, 2018. Defendant was served with process on April 6, 2018. See Affidavit of Service (Doc. No. 6), filed May 7, 2018, at 2. On May 15, 2018, Plaintiff moved for entry of default because Defendant failed to timely respond to the Complaint or otherwise appear in this case. See Application and Declaration for Entry of Defendant's Default (Doc. No. 7; "Application for Entry of Default").[3] The Clerk of the Court entered default against Defendant on May 15, 2018. See Clerk's Entry of Default (Doc. No.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02; Rule 12, Rules Governing Section 2255 Proceedings.

[2] Plaintiff certifies that a copy of the Motion was mailed to Defendant on May 22, 2018. Motion at 3.

[3] The Application for Entry of Default contains unnumbered pages. Citations to it follow the pagination assigned by the Court's electronic filing system (CM/ECF).

8). Thereafter, the instant Motion was filed. In the Motion, Plaintiff seeks entry of a final default judgment against Defendant and an award of costs. See generally Motion.

After Defendant failed to respond to the Motion within the time permitted by the Federal Rules of Civil Procedure ("Rule(s)"), the undersigned entered an Order (Doc. No. 10) on June 11, 2018, taking the Motion under advisement and directing Defendant to file a response by July 6, 2018. To date, Defendant has not filed a response to the Motion or otherwise appeared in this matter. The Motion, therefore, is deemed unopposed.

## I. Applicable Law

Rule 55 provides the requirements for entry of a default judgment. See Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[4] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

## II. Discussion

Plaintiff initiated the instant suit to reduce Defendant's defaulted student loan debt to judgment. See Complaint. The Court has subject matter jurisdiction over this case because it is a civil action commenced by the United States. See 28 U.S.C. § 1345 (providing district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States").[5] The Court must now ensure that Plaintiff has stated a valid cause of action.

For the Court to enter judgment "in favor of the United States, [the United States] must prove that (1) Defendant executed the note[s]; (2) [the] United States is the present holder of the note[s]; and (3) the note[s are] in default." United States v. Hickey, No. 6:11-cv-1608-Orl-28KRS, 2012 WL 933229, at *2 (M.D. Fla. Feb. 27, 2012) (internal quotations and citation omitted) (unpublished report and recommendation), adopted, 2012 WL 933206 (Mar. 20, 2012) (unpublished); see United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013) (unpublished Table decision) (citing United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001)).

Attached to the Complaint and to the Motion is a Certificate of Indebtedness from the U.S. Department of Education (Doc. Nos. 1-1, 9-2; "Certificate of Indebtedness"). Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Fed. R. Civ. P. 10(c). The Certificate of Indebtedness, therefore, is considered to be part of the Complaint. The Certificate of Indebtedness reflects that Defendant executed promissory notes on or about the following dates: February 7, 1996;

---

[5] In the Application for Entry of Default, Plaintiff's counsel certifies that Defendant is not an active member of the military service of the United States of America, and she is not an infant or incompetent person. Application for Entry of Default at 1-2, 4-5; see also Affidavit of Service. To the extent required, Plaintiff has complied with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521. Although the Application for Entry of Default is not attached to the Motion, the undersigned has considered it as it is part of the file.

June 26, 1996; July 8, 1996; and August 26, 1997. See Certificate of Indebtedness. The Certificate of Indebtedness also indicates the United States now holds the note and Defendant is in default on the note. See id. The Certificate of Indebtedness reflects that as of February 23, 2018, Defendant owes Plaintiff $9,246.44 in principal and $5,174.13 in interest. Id. Interest accrues at a rate of 4.08% and a daily rate of $1.03. Id. After June 30, 2018, interest accrues "at such rate as the Department establishes pursuant to section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. [§] 1087e." Id.

Plaintiff represents in the Complaint that "[d]emand has been made upon . . . [D]efendant for payment of the indebtedness, and . . . [D]efendant has neglected and refused to pay the same." Complaint at 2. In addition to the relief outlined above, Plaintiff seeks "prejudgment interest through the date of judgment, all administrative costs allowed by law, . . . post-judgment interest pursuant to 28 U.S.C. § 1961[, and] that interest on the judgment be at the legal rate until paid in full," as well as attorneys' fees and such other relief as may be warranted. Id.

By failing to answer or otherwise respond to the Complaint, Defendant is deemed to have admitted that she signed the promissory notes, that the United States is the present holder of the notes, and that the notes are in default. Accordingly, the undersigned finds that Plaintiff has properly stated a valid cause of action, and Plaintiff is entitled to entry of default judgment.

Once a court determines that a plaintiff is entitled to default judgment, the court must determine whether a hearing is necessary to decide the amount of damages. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v.

Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). When the essential evidence regarding damages is before a court, a hearing on damages may be unnecessary. See Smyth, 420 F.3d at 1232 n.13.

Here, the undersigned finds that a hearing is unnecessary because the essential evidence relating to damages is before the Court. See id. As noted above, the sworn Certificate of Indebtedness establishes that as of February 23, 2018, Defendant owes Plaintiff a total of $14,420.57. Plaintiff is entitled to prejudgment interest accruing on the total principal amount at the rate set forth in the Certificate of Indebtedness. Plaintiff is further entitled to post-judgment interest from the date of judgment at the legal rate established by 28 U.S.C. § 1961.

Incorporated into the Motion is a "Bill of Costs." Motion at 2 (capitalization omitted). Plaintiff requests $62.31 in costs for "fee for process service per 28 U.S.C. § 1921." Id. (capitalization omitted). Pursuant to Rule 54(d), "costs should be allowed to the prevailing party" unless there is a court order, United States statute, or Rule to the contrary. The recovery of costs is subject to the Court's broad discretion, see Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir.1991), and is limited to those costs expressly provided for by statute, Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The service of process fee is a taxable cost. See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (holding "that private process server fees may be taxed pursuant to [28 U.S.C.] §§ 1920(1) and 1921"). The $62.31 service of process fee appears reasonable and appropriately sought, so it should be awarded.

### III. Conclusion

Upon review of the Motion and the file, the undersigned finds that Plaintiff has met the requirements for entry of a default judgment against Defendant as provided above. Accordingly, it is

**RECOMMENDED THAT:**

1. Plaintiff's Motion for Entry of Default Final Judgment (Doc. No. 9) be **GRANTED**.

2. The Clerk of the Court be directed to enter judgment in favor of Plaintiff and against Defendant in the following amounts: $9,246.44 in principal; $5,174.13 in prejudgment interest as of February 23, 2018; prejudgment interest on the total principal amount accruing at the rate of 4.08% and a daily rate of $1.03 from February 24, 2018 through June 30, 2018; post-judgment interest accruing at the legal rate established by 28 U.S.C. § 1961; and $62.31 in costs.

3. The Clerk of Court be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 17, 2018.

JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record
Sandra L. Hallock
6239 53rd Road
Live Oak, FL 32060